UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

v.

JOHN DOE subscriber assigned IP address 151.204.238.205,

Defendant.

No. 1:26-cv-13830-NMG

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

HEDGES, M.J.

Plaintiff Strike 3 Holdings, LLC ("Strike 3"), a producer and distributor of adult films, brought this copyright infringement action against Defendant John Doe ("Doe"), an unknown subscriber with an assigned Internet Protocol ("IP") address of 151.204.238.205, alleging that Doe downloaded and distributed its films without permission. Strike 3 moved under Fed. R. Civ. P. 26(d)(1) for leave to serve a third-party subpoena upon Doe's internet service provider, Verizon Fios, before the Rule 26(f) conference, for the purpose of obtaining Doe's name and mailing address. I find that the requested discovery is warranted and ALLOW Strike 3's motion subject to restrictions consistent with this order.

## I. BACKGROUND

The following facts are drawn from the complaint and accepted as true for purposes of resolving this motion. Strike 3 owns the copyrights to numerous adult films, which are registered with the United States Copyright Office. Docket No. 1 ¶¶ 2, 46, 49. Strike 3 alleges

that Doe, whose identity is unknown, infringed Strike 3's copyrights by downloading and distributing sixty-two of Strike 3's films through the file distribution system BitTorrent. *Id.* ¶¶ 4, 17-26, 38-43. Using geolocation technology and its proprietary forensic software systems, Strike 3 determined that Doe's IP address is 151.204.238.205 and alleges that Doe is located in Massachusetts based on Doe's IP address. *Id.* ¶¶ 5, 8-9. Verizon Fios can identify Doe through his or her IP address. *Id.* ¶¶ 5, 12.

On August 18, 2026, Strike 3 brought this action asserting one count of direct copyright infringement against Doe. *Id.* ¶¶ 51-56. Strike 3 seeks statutory damages; attorney's fees and costs; and an order enjoining Doe from continuing to infringe its copyrighted works and requiring that Doe remove any such material from his or her possession, custody, or control. *Id.* at 9-10. Strike 3 also filed a motion seeking permission to serve Verizon Fios with a subpoena requesting Doe's name and address. Docket No. 7. That motion is pending before this Court.

## II. ANALYSIS

Fed. R. Civ. P. 26(d)(1) provides, in relevant part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . .when authorized . . . by court order." While the First Circuit has not articulated a standard for permitting a third-party subpoena before the Rule 26(f) conference, courts in this district often require a showing of "good cause" for such discovery. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 1:24-cv-11654-AK, 2024 WL 3472404, at *2 (D. Mass. July 19, 2024). To determine whether good cause exists, courts weigh the following five factors: (1) whether there has been "a concrete showing of a prima facie claim of actionable harm," (2) the "specificity of the discovery request," (3) "the absence of alternative means to obtain the subpoenaed information," (4) "a central need for the subpoenaed information to advance the claim," and (5) "the party's

expectation of privacy." *Id.* Other courts assess whether the requested discovery is relevant and proportional under Fed. R. Civ. P. 26(b)(1). *See Strike 3 Holdings, Inc. v. Doe*, 677 F. Supp. 3d 1, 5 (D. Mass. 2023). I need not decide which standard applies because, under either standard, the requested discovery is warranted.

**A. Good Cause Standard**

Applying the five-factor good cause standard, I find that good cause exists for allowing Strike 3's request to subpoena Verizon Fios. The first factor weighs in Strike 3's favor because Strike 3 has "made a concrete showing of a prima facie claim of actionable harm based on its sole claim of copyright infringement." *Strike 3 Holdings v. Doe*, No. 1:24-cv-12444-JEK, 2024 WL 4495111, at *2 (D. Mass. Oct. 15, 2024) (quotation marks omitted). To prevail on this claim, Strike 3 must show (a) "ownership of a valid copyright," and (b) "copying of constituent elements of the work that are original." *Perea v. Ed. Cultural, Inc.*, 13 F.4th 43, 52 (1st Cir. 2021) (quoting *Latin Am. Music Co., Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 38 (1st Cir. 2013)). Strike 3 alleges that it owns valid copyrights to its adult films and that Doe downloaded and distributed numerous of these films via BitTorrent without Strike 3's permission. Docket No. 1 ¶¶ 2-4, 17-48. To support these allegations, Strike 3 submitted declarations from three declarants based upon each of their review of the copyrighted material, the results of the forensic analysis, and Doe's recorded BitTorrent activity. *See* Docket Nos. 8-1, 8-2, 8-3. For purposes of this motion, Strike 3 has thus adequately established its *prima facie* claim for copyright infringement.

The second factor—the "specificity of the discovery request"—also weighs in Strike 3's favor. *Strike 3 Holdings*, 2024 WL 4495111, at *2 (quotation marks omitted). Strike 3's request is limited to Doe's "true name and address." Docket No. 8 at 2. Courts in this district and in

other jurisdictions regularly find that such requests are sufficiently specific. *See, e.g.*, *Strike 3 Holdings*, 2024 WL 4495111, at *2; *Strike 3 Holdings*, 677 F. Supp. 3d at 5 (collecting cases).

The third factor favors Strike 3's request because Strike 3 lacks "alternative means to obtain the subpoenaed information." *Strike 3 Holdings*, 2024 WL 4495111, at *2 (quotation marks omitted). Verizon Fios is "the only entity that can link the IP address to its subscriber." *Id.* at *2 (cleaned up); *see* Docket No. 8-1 ¶ 28. Accordingly, subpoenaing Verizon Fios for Doe's name and address is "[t]he only way" Strike 3 "can realistically proceed in this lawsuit against . . . Doe[.]" *Viken Detection Corp. v. Doe*, No. 19-cv-12034-NMG, 2019 WL 5268725, at *1 (D. Mass. Oct. 17, 2019).

The fourth factor supports allowing Strike 3's request because the requested information is necessary "to advance the claim." *Strike 3 Holdings*, 2024 WL 4495111, at *1 (citation omitted). Without the requested discovery, Strike 3 could not effectuate service and proceed with the case. *See id.* at *2; *see also* Docket No. 8 at 1-2.

The fifth and final factor—Doe's expectation of privacy—weighs in favor of granting Strike 3's request because Doe has "little expectation of privacy in downloading and distributing copyrighted content without permission." *Strike 3 Holdings*, 2024 WL 4495111, at *2 (cleaned up). And, even if this factor were neutral or favored Doe, the other four factors outweigh Doe's expectation of privacy. *See id.* Moreover, given Doe's reduced expectation of privacy in sharing copyrighted material without permission, early discovery is appropriate where, as here, it is subject to restrictions that protect Doe's privacy. *See id.*

Accordingly, based upon the foregoing factors, I find that there is good cause supporting Strike 3's request.

**B. Rule 26(b) Standard**

I further find that Strike 3's request for early third-party discovery is relevant and proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Strike 3's request is limited to Doe's name and address, both of which are unknown to Strike 3. Docket No. 8 at 2. Strike 3 cannot effectuate service or proceed with the action without this information. *Id.* And only Verizon Fios can provide this information to Strike 3. Docket No. 8-1 ¶ 28. Accordingly, the requested discovery is relevant to Strike 3's claim and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

## III. CONCLUSION[1]

For the foregoing reasons, Strike 3's motion for leave to serve a third-party subpoena before the Rule 26(f) conference, Docket No. 7, is ALLOWED subject to the following restrictions:

(1) Pursuant to Fed. R. Civ. P. 45, Strike 3 may serve a third-party subpoena upon Verizon Fios requiring Verizon Fios to disclose the name and address of the subscriber associated with IP address 151.204.238.205. The subpoena shall have a copy of this order attached.

(2) Verizon Fios shall have fifteen days from the date it receives the subpoena to serve the subscriber associated with IP address 151.204.238.205 with a copy of the subpoena and a copy of this order. Verizon Fios may use any reasonable means to do so, including, but not limited to, written notice to the subscriber's last known address.

[1] The parties are advised that, under Fed. R. Civ. P. 72(a) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determinations and this order must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge.

(3) The subscriber associated with IP address 151.204.238.205 shall have thirty days from the date of service of the subpoena upon him or her to file any motion with the Court to contest the subpoena, including any request to litigate the subpoena anonymously. Verizon Fios shall not produce any subpoenaed information to Strike 3 during this period.

(4) If this thirty-day period lapses without the subscriber associated with IP address 151.204.238.205 filing a motion to contest the subpoena, Verizon Fios shall produce to Strike 3 the information requested in the subpoena within ten days thereafter.

(5) Verizon Fios may move to contest the subpoena, consistent with the requirements of Rule 45. If Verizon Fios does so, it shall ensure that its filings do not disclose to Strike 3 any identifying information concerning the subscriber associated with IP address 151.204.238.205.

(6) Verizon Fios shall not produce any subpoenaed information to Strike 3 until the Court has resolved any motions to contest the subpoena. Verizon Fios shall preserve any subpoenaed information pending resolution of any motion to contest the subpoena.

(7) Strike 3 may use the information disclosed in response to the subpoena only for the purpose of protecting and enforcing its rights as set forth in the complaint.

SO ORDERED.

Dated: November 3, 2026

/s/ Jessica D. Hedges
United States Magistrate Judge